UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.  09-20524-CIV-LENARD

HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor,

        Plaintiff,

v.

LOCAL 568, TRANSPORT WORKERS
UNION OF AMERICA

        Defendant.
_____/

## DECLARATION OF SUSAN NIXON

I, Susan Nixon, hereby declare the following under penalty of perjury. I am an Investigator for the United States Department of Labor's Employment Standards Administration, Office of Labor-Management Standards ("OLMS"). Between December 17, 2008 and January 28, 2009, I conducted an investigation of the Defendant Local 568, Transport Workers Union of America's ("Local 568") election of officers in December 2008. In the course of the investigation, I reviewed the written complaint of the union member which prompted the investigation and records provided by Local 568, including but not limited to its Bylaws, most recent Annual Report on file with OLMS, documents and correspondence regarding the December 2008 election of officers, meeting minutes and meeting attendance sign-in sheets. I also interviewed union officials and members, and communicated with Local 568's counsel. The findings of my investigation are as follows.

    1.    Local 568 is composed of approximately 2400 active members.

2.      Local 568 represents fleet service clerks that handle luggage, cargo, mail, aircraft cleaning, and other duties for American Airlines at Miami International Airport ("MIA"), Ft. Lauderdale International Airport ("FLL"), and Tampa International Airport ("TPA").

3.      Because the Local has members in three cities, it holds its monthly membership meetings in each of the cities on different days. The Local's Executive Board meets each month on the day before the monthly general membership meets in Miami.

4.      The Local's bylaws call for the election of officers every three years.

5.      On January 5, 2006, Local 568's Recording Secretary, Chuck Hernandez, posted notices on the Local's designated bulletin boards at MIA indicating that a bylaw amendment was on the agenda for the Local's January 13, 2006 membership meeting in Miami. Mr. Hernandez also faxed notices indicating that a by-law amendment was on the agenda for the January 14, 2006 and the January 25, 2006 general membership meetings in Tampa and Fort Lauderdale, respectively. The notices were to be posted in the employee break rooms at TPA and FLL. A copy of the Notice of the January 13, 2006 Meeting in Miami is attached hereto as Exhibit "A."

6.      The notices did not provide information as to the substance of the proposed bylaw amendment on the agenda. See Exhibit "A."

7.      The proposed bylaw amendment required the Local's members to have attended at least 50% of the regular membership meetings in the 12 month period immediately preceding nominations to be eligible for candidacy in the election of union officers (hereinafter "bylaw amendment" or "amended bylaw"). A copy of the amended Bylaw is attached hereto as Exhibit "B."

8.      In the event that a member failed to attend a general membership meeting for good cause, the proposed bylaw amendment allowed the member to apply in writing for

attendance credit within seven days after the missed meeting. Attendance credits could be awarded a maximum of two times during a twelve month period. See Exhibit "B."

9. The Local's bylaws required only 5% of Local's members to be present at general membership meeting for a quorum to exist. A copy of the Local's bylaw on meetings and quorums is attached hereto as Exhibit "C". The proposed bylaw amendment was approved by the unanimous vote of the 151 union members present at the January 2006 general membership meetings, which constituted approximately 6.3% of the general membership.

10. After the bylaw amendment was approved by the Local's membership, the Local submitted the amended bylaw to the Administrative Committee of the Transport Workers International Union (hereinafter "International") for approval. On February 28, 2006, the International's Secretary-Treasurer, John Kerrigan, sent written confirmation of approval by the International and the bylaw amendment went into effect that day. A copy of the February 28, 2006 letter from Mr. Kerrigan, confirming the International's approval of the amendment is attached hereto as Exhibit "D."

11. While copies of the bylaws which included this amended bylaw were available to members at the union office, the Local did not at that time provide notice to the general membership regarding the substance of the amended bylaw, or that the amended bylaw was approved by the International and was in effect.

12. The first record of a publically disseminated notice to the Local's membership regarding the amended bylaw was in September 2008, over two-and-a-half years after it had gone into effect. These notices were posted immediately prior to the nominations period for the Local's next regularly scheduled election in December 2008. A copy of the September 11, 2008 letter from the Local's Election Committee Chairman to the Local's members is attached hereto

as Exhibit "E."

13. On September 30, 2008, the Local posted a notice inviting "[a]nyone interested in running for the office of: President, 1st Vice President, 2nd Vice President, Recording Secretary, Secretary Treasurer, [or] Executive Board Member" to pick up a Candidate Petition for nomination. A copy of the Local's September 30, 2008 notice regarding the elections is attached hereto as Exhibit "F." On October 7, 2008, the Local's Election Committee again invited the Local's membership to pick up nominating petitions.

14. David Bates, a member in good standing with the Local at all times relevant, requested a nominating petition from the Local. However, the Local's Election Committee denied Bates' request for a petition because he had not attended at least 50% of the Local's membership meetings in the prior twelve months and thus, pursuant to the amended bylaw, was ineligible to run in the election.

15. Other prospective candidates who were also members in good standing, including Sergio Benitez, Dan Brennan, Armando Castillo, Eugene Manatan, Julio Mercado, Henry Padilla, and Miguel Vento, were also deemed ineligible to run in the elections pursuant to the meeting attendance requirement.

16. In all, twenty-five (25) members in good standing requested nominating petitions, but only sixteen (16) of them were deemed eligible to run in the elections. The other nine (9) were rendered ineligible by the meeting attendance requirement. Those nine members would have been eligible to run, but for the requirement.

17. A review of membership meeting sign-in logs and meeting minutes confirmed that 95.95% of the Local's members were rendered ineligible to run in elections as a result of the Local's meeting attendance requirement.

18.     Elections were ultimately held by mail ballot between November and December, 2008. The Local's incumbent President, 1st Vice President and 2nd Vice President ran unopposed and were re-elected to office. A copy of the Local's 2008 Election results are attached hereto as Exhibit "G".

19.     On or about December 17, 2008, union member David Bates filed a timely complaint with the United States Department of Labor's Office of Labor-Management Standards alleging that he was improperly denied the right to seek office in the Local's recently concluded elections on account of the Local's general membership meeting attendance requirement. A copy of Mr. Bates' complaint is attached hereto as Exhibit "H."

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of August, 2009.

*Susan K. Nixon*

Susan Nixon
Investigator
United States Department of Labor,
Employment Standards Administration,
Office of Labor-Management Standards



# TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO

Air Transport Local 568
5395 N.W. 36th Street • Miami Springs, FL 33166
Telephone: (305) 874-2788 • Fax: (305) 874-2789

# JANUARY
## TWU LOCAL 568
## MEMBERSHIP MEETING

**WHEN:** January 13, 2006 (Friday)

**WHERE:** HOTEL MIA (MIAMI INTERNATIONAL AIRPORT)

**MEETING START TIMES:**

8:30 A.M.

10:15 A.M.

**BREAK**

1:30 P.M.

3:00 P.M.

## AGENDA

By-Law Amendment

2006 Calendars

**COPE Winner for December:** **MORRIS TUCKER**



A

# ARTICLE VIII
## Elections

**Section 1.**
(a) At a meeting in the month of September, in each third year, the Local Executive Board shall appoint an Election Committee from among the various work units of members in good standing, none of whom shall be a candidate for any office to be filled in such election. The Election Committee shall consist of three (3) members, of which one shall be designated as the Chairman. Alternate members may be appointed, the number to be determined by the Local Executive Board, to effectively conduct the business of the election process.

**Section 2.** The Election Committee shall supervise the elections in accordance with the following process.
(a) Nominations shall be by petition.
(b) Nominations of Local officers shall require a minimum of five (5) percent of the signatures of members in good standing.
(c) A member, to be eligible for nomination and election to any office, shall be a member in good standing of the Local Union in accordance with the International Constitution of the Transport Workers Union of America, AFL-CIO and these By-Laws.
(d) A member to be eligible to be a candidate for elected office of local officers and executive Board, a member shall have been a member in good standing for a period of (12) twelve months immediately preceding nominations, and shall have attended at least (50%) fifty percent of the regular membership meetings during this period. A member who has failed to attend a general membership meeting can apply for attendance credit for a maximum of two (2) membership meeting credits in writing within seven days (7) after the meeting. The local executive board within thirty days (30) after receipt of application finds that a member has "good cause" which excuses his/her non- attendance; the member shall be deemed for the purpose of this section to have attended such meeting. The action of the local executive board and the reason for its action shall be set forth in the minutes of the local executive board meeting. The decision of the executive shall be final and binding.



B

(b)Every quarter the Local Secretary-Treasurer shall report to the Local Executive Board the comparisons of estimated income with the report for actual expenses.

**Section 4.** No reimbursement or payments shall be made for any expenses incurred in the name of the Local Union without the approval of the Local President and the Secretary-Treasurer.

# ARTICLE VII
# Meetings and Quorums

**Section 1.** The general membership meetings shall be conducted monthly in the Local's stations at a time designated by the Local executive Board. All members shall be notified by posting at least five (5) days in advance of the meeting.

**Section 2.** Special membership meetings may be called by the Executive Board upon reasonable notice. All reasons for calling the meeting shall be stated in the meeting notice.

**Section 3.** A special meeting may be called by any member upon presentation to the Local of station Recording Secretary, a petition calling for such meeting, listing the reasons for calling the meeting and signed by at least twenty-five members in good standing.

**Section 4.** At least five percent of the members in good standing must be present to constitute a quorum at a membership meeting. A majority of the Executive Board must be present to constitute a quorum at an Executive meeting



## TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO

1700 Broadway (2nd Floor) · New York, NY 10019-5905 · 212.259.4900 · Fax: 212.265.4537 · www.twu.org

...el T. O'Brien
...onal President

...es C. Little
...ional Executive
...e President

J. Kerrigan
International
Secretary-Treasurer

...bert Snead
...ative Vice President

...hael Bakalo
...rative Vice President

...onny Hall
...resident Emeritus

...cutive Council

E PRESIDENTS
John Bland
...nnis Burchette
...arry Drummond
...arry Lombardo
...hom McDaniel
Gary Maslanka
William Pelletier
Barry Roberts
...arsha Spinowitz
Ainsley Stewart
Roger Tauss
James Whalen
Gary Yingst

...UNCIL MEMBERS
Richard Adams
Sandra Burleson
Brian Clarke
Joe Gordon
Duke Hingley
J.W. Johnson
John O'Farrell
Susan Resch
Gary Shults

...xecutive Board
Wesley Alamo
Richard Boehm
Patricia Bowden
Jeff Brooks
Sim Campbell
Mike Chiofalo
Gordon Clark
Fred Fink
Alex Garcia
Alice Goodman
Jim Guido
Glenn Harmon
Eddie Hill
Richie Holley
Jerome Lafragola
Thomas Lenane
Charles Little
Thomas Lufton
...

February 28, 2006

Carlos Hernandez
Recording Secretary
T.W.U. Local 568
5395 N.W. 36th Street
Miami Springs, FL. 33166

Re:   By-Law Amendment

Dear Brother Hernandez,

This letter will serve to notify you and Local 568 that the International Administrative Committee has approved the Amendment to Article VIII, Section 2 (c) of the Local By-Laws. This Amendment may be put into effect.

Fraternally yours,

John J. Kerrigan
International Secretary-Treasurer

JJK:cw
opeiu-153

D



# TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO

## Air Transport Local 568

5395 N.W. 36th Street • Miami Springs, FL 33166
Telephone: (305) 874-2788 • Fax: (305) 874-2789

September 11, 2008

TWU Local 568 Brothers and Sisters,

**Election time is here again!** Please make sure your current mailing address is on file at the local so your ballot may arrive on time. To update your address you can call the local at (305) 874-2788 or fill out an address update sheet at the next membership meeting.

If you intend to run for office, you must make sure the following criteria have been met:

### As per the By-Laws of Local 568 Article VIII, Section II:

"**(c)** A member, to be eligible for nomination and election to any office, shall be a member in good standing of the Local Union in accordance with the International Constitution of the Transport Workers Union of America, AFL-CIO and these By-Laws."

"**(d)** A member to be eligible to be a candidate for elected office of Local Officers and Executive Board, a member shall have been a member in good standing for a period of (12) twelve months immediately preceding nominations, and shall have attended at least (50%) fifty percent of the regular membership meetings during this period. A member who has failed to attend a general membership meeting can apply for attendance credit for a maximum of two (2) membership meeting credits in writing within seven days (7) after the meeting. The Local Executive Board within thirty days (30) after receipt of application finds that a member has "good cause" which excuses his/her non-attendance; the member shall be deemed for the purpose of this section to have attended such meeting. The action of the Local Executive Board and the reason for its action shall be set forth in the minutes of the Local Executive Board meeting. The decision of the Executive Board shall **be** final and binding."

### As per The TWU International Constitution, Article XV:

"**(Section 3)** No member shall be eligible for nomination or election to any office unless he/she shall have been in continuous good standing in his/her Local Union for a period of twelve (12) months immediately preceding nomination. No member of a Local Union that has been in existence for less than twelve (12) months shall be eligible for nomination or election to office unless he/she shall have been in continuous good standing from the date of his/her admission to membership in said Local Union."

There are copies of the Constitution and Local By-Laws available at Local 568. If you are not sure of your eligibility, please call the local and ask for Election Committee after September 22 and we will be happy to see if you meet the requirements. Petitions for nomination will go out in October. A specific date will be forthcoming.

We thank you in advance for your cooperation.

Eddie Lopez,
Election Committee Chairman
Posting 9/11/08

E





# TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO
### Air Transport Local 568
*5395 N.W. 36th Street • Miami Springs, FL 33166*
*Telephone: (305) 874-2788 • Fax: (305) 874-2789*

# Candidate Petition

## *Anyone interested in running for the office of:*

**President**
**1st Vice President**
**2nd Vice President**
~~Recording Secretary~~
**Secretary Treasurer**
**Executive Board Member (4 Positions Available)**

*Petitions will be available for pick up starting Tuesday Oct. 7, 2008 from 11:00am – 05:00pm at*

**TWU Local 568**
**5395 NW 36th Street**
**Miami Spring FL 33166**
**(305) 874 2788 ext:14**

*(For those candidates running on a slate, only one member is needed to pick up the petitions.)*

Posted 9/30/08



F

TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO

Air Transport Local 568
5395 N.W. 36th Street • Miami Springs, FL 33166
Telephone: (305) 874-2788 • Fax: (305) 874-2789

# TWU Local 568
## 2008 Election Results

**President**

Tom Lee  621
Unopposed

**1st Vice President**

Joseph Rosende  597
Unopposed

**2nd Vice President**

Mike Garcia  599
Unopposed

**Recording Secretary**

Antonio Quezada  420

Rudy Camacho  396

**Secretary Treasurer**

Miguel Pumariega  456

Hank Trujillo  355

**Executive Board Member**

Mitch Lieberman  527

Manny Lorenzana  436

Fred Harvey  499

David Wojnar  421

Roberto Gomez  137

Noel Padilla  289

Gonzalo Sanchez  157

~~Kevin L. Starling~~  235

Mike Traba  325

Fraternally,

Eddy Lopez         Joyce Frissora         Emilio De Acosta

G



U.S. Department of Labor
Elaine L. Chao, Secretary
c/o OLMS field office
One East Broward Boulevard, Suite 608
Ft. Lauderdale, FL 33301

December 17, 2008

To Whom It May Concern:

I am filing this complaint because I believe, as a current dues paying member in good standing of Transport Workers Union of America, AFL-CIO, Local 568 which represents fleet service clerks at American Airlines in Miami, Tampa, and Ft. Lauderdale, I was improperly denied the right to seek office in the recently concluded regular Local 568 officers election due to unreasonable meeting attendance requirements for eligibility that were put in place after the last election.

I believe the election provisions of the LMRDA, my union's constitution, and my local's by-laws were violated with regard to the adoption and application of these meeting attendance requirements for candidate eligibility by the current officers and executive board members of Local 568 which created an undemocratic situation whereby the overwhelming majority of the membership was ineligible resulting in the incumbents in the three highest ranking positions going unchallenged and all other positions having bare minimal opposition.

I have filed a complaint with my union local as required and followed the subsequent appeal procedures and time frames as required by my union's constitution and by-laws. The complaint and appeal documentation and other pertinent documents are attached. The responses I have received to this point have all been unfavorable. I have filed the final appeal option available which will not be addressed until my union's next constitutional convention which is scheduled for September 2009.

Therefore, at this time, being that I have pursued this matter for more than three months with no final decision, I request that the OLMS investigate this matter and if warranted order a new election under OLMS supervision.

Thank you for your time and attention to this matter. Please contact me for any further information that might be needed.

Respectfully,

David Bates
7460 Polk St.
Hollywood, FL 33024
(954) 989-5519

H