## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,     ) ) ) | Case No. 09-20524-CIV-LENARD |
| Plaintiff,     ) ) | |
| v.     ) ) | STIPULATION AND ORDER OF SETTLEMENT |
| LOCAL 568, TRANSPORT WORKERS UNION OF AMERICA,     ) ) ) | |
| Defendant.     ) ) | |

Plaintiff, Hilda L Solis, Secretary of Labor, United States Department of Labor ("Secretary" or "Plaintiff"), having filed her complaint for declaratory and injunctive relief and Local 568, Transport Workers Union of America ("Local 568" or "Defendant"), having appeared by counsel and having answered, and in order to resolve this action without the necessity of further litigation, the parties stipulate and agree as follows:

WHEREAS, the Secretary brought this action on March 3, 2009, under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 73 Stat. 519 *et seq.*, 29 U.S.C. §§ 481 *et seq.* (hereinafter "the Act"), seeking an order declaring void the results of the Defendant's regularly scheduled election for the offices of President, 1st Vice President, 2nd Vice President, Secretary-Treasurer, Recording Secretary, and Executive Board Member (4 positions), which was conducted by Local 568 on December 16, 2008, and further seeking an order directing Local 568 to conduct new nominations and a new election for those offices under the supervision of the Secretary; and

WHEREAS, the Secretary contended that Local 568 violated Section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the election, in denying members in good standing the right to be nominated and run for office when in January 2006 it adopted an unreasonable candidacy qualification requirement and failed to provide sufficient notice to its members of the new requirement, resulting in over 95 percent of the members being ineligible to run for office; and

WHEREAS, Local 568 defended its bylaws and the membership's approval of those bylaws and through defense of this lawsuit and contended that the union violated no laws during the conduct of the election, in that it adhered to its Bylaws which contained a monthly meeting attendance requirement, and

WHEREAS, on September 16, 2009 at the Transport Workers Union ("TWU"), (International) 23rd Constitutional Convention in Las Vegas, Nevada a constitutional amendment was adopted by a vote of the delegates which eliminated meeting attendance requirements in all future elections for officers of TWU locals, including future local officer elections of Local 568, and

WHEREAS, the parties to this action now wish to resolve this litigation fully and amicably without the necessity of a trial and avoiding the costs of litigation, and

WHEREAS, by entering into this agreement, TWU Local 568 admits no liability or wrongdoing herein.

IT IS NOW, HEREBY, STIPULATED TO AND AGREED, by and between the parties to this action, through their undersigned counsel, and IT IS NOW, HEREBY, ORDERED AND ADJUDGED, by this Honorable Court, as follows:

1.      The Secretary and Local 568 have entered into this Stipulation and Order of Settlement for the sole purpose of resolving the issues herein and for no other purpose.

2.      Local 568 shall conduct a new election for all officer positions, including new nominations, under the supervision of the Secretary.  The election is to be completed no later than December 30, 2009.  Such election shall be conducted in accordance with Title IV of the Act (29 U.S.C. §§ 481 et seq.) and, insofar as is lawful and practicable, in accordance with the Constitution and Bylaws of Local 568 and the Constitution of the Transport Workers Union of America, except that Local 568's requirement that candidates must have attended 50 percent of the monthly union meetings held in the 12 months prior to nominations shall not apply.

3.      All decisions as to the interpretation or application of Title IV of the Act, and of the Constitution and Bylaws of Local 568 and the Constitution of the Transport Workers Union of America, which relate to the conduct of the supervised election, are to be made and determined by the Secretary or her representative, which decision in all such matters shall be final, unless and until any such decision is, on application of the Local 568, set aside by the Court.

4.      The Court shall retain jurisdiction of this action subsequent to the entry of this Stipulation and Order of Settlement.  After completion of the election specified in paragraph 2, the Secretary shall certify to the Court the names of the persons elected in said election, and she shall further certify that such election was conducted in accordance with Title IV of the Act, and with the provisions of the Constitution and Bylaws of Local 568 and the Constitution of the Transport Workers Union of America to the extent lawful and practicable.  Upon the Court's receipt and approval of such certification, it

shall enter a judgment declaring that such persons have been elected, as shown by such certification, to serve a three-year term of office starting January 1, 2010. The judgment shall further provide that each party will bear its own fees and expenses incurred by such party in connection with any stage of this proceeding.

**SO ORDERED** in Chambers this ___ day of _____, 2009.


_____
JOAN A. LENARD
UNITED STATES DISTRICT JUDGE

The following hereby consent to the foregoing Stipulation and Order of Settlement:

**FOR DEFENDANT,**

**LOCAL 568, TRANSPORT WORKERS
UNION OF AMERICA**

TOM LEE.
President

**PHILLIPS & RICHARD, P.A**

Libby Herrera-Navarrete
Florida Bar No 956562
9360 SW 72 Street, Suite 283
Miami, Florida 33173
Telephone (305) 412-8322
Facsimile (305) 412-8299
lnavarrete@phillipsrichard.com

**FOR PLAINTIFF,**

**HILDA L. SOLIS, SECRETARY,
UNITED STATES DEPARTMENT OF LABOR**

**JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY**

CARLOS J. RAURELL (Fla. Bar No 529893)
Assistant United States Attorney
99 NE 4th Street
Miami, Florida 33132
Tel 305-961-9243
Fax 305-530-7139
carlos.raurell@usdoj.gov